**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TERRY PYLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 20−cv–144-SMY |
| ) | |
| PHIL VOSS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

*Pro se* Petitioner Terry Pyles, a pretrial detainee being held in the Madison County Jail, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Pyles is being detained on state criminal charges related to manufacturing of methamphetamine in Case 2017CF000690. He is requesting reinstatement of his revoked recognizance bond and release from custody pending trial. (Doc. 1, pp. 1,5 and 8).

According to the Madison County Court docket for Case No. 2017CF000690, Pyles was released on a recognizance bond on May 22, 2017. It appears that his bond was revoked and a warrant issued in April 2019, and that he was subsequently arrested and held in the Madison County Jail where he remains.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

1

As an initial matter, Pyles has named the incorrect Respondent in his Petition. By statute, an application for a writ of habeas corpus shall name the person who has custody over the Petitioner. 28 U.S.C. § 2242. Similarly, under 28 U.S.C. § 2243, the writ or order to show cause is to be directed "to the person having custody of the person detained." Respondent Voss is an assistant state's attorney, not a warden or the administrator of the Madison County Jail. He does not have custody of Pyles and is therefore not the appropriate respondent for a §2241 petition.

Additionally, federal courts must abstain from interfering with pending state proceedings to enforce a state's criminal laws if the defendant has the opportunity to raise any possible federal claim in state court and no exceptional circumstances exist. *Olsson v. Curran*, 328 F. App'x. 334, 335 (7th Cir. 2009); *see also Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). With respect to state pretrial detainees, federal habeas corpus relief is available on these kinds of claims "only after the petitioner has exhausted his state court remedies." *Olsson*, 328 F. App'x. at 335 (affirming the dismissal of a petition where the petitioner had not exhausted his state court remedies or presented any exceptional circumstances to justify enjoining the state court proceeding); *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489–92 (1973) (finding petitioner could raise his speedy trial claim where he sought trial on a three-year-old indictment, presented his federal constitutional claim in the state courts, and did not seek to forestall a state prosecution). Exceptions exist for speedy trial and double jeopardy claims where, without immediate federal intervention, the challenge would become moot. *Sweeney*, 612 F.3d at 573.

Pyles is a pretrial detainee facing state criminal charges. His complaints regarding the conduct of the pretrial discovery, the charging decisions and his bond revocation are all challengeable within the state court's trial, appeal and post-conviction relief schemes. As such,

federal intervention is not warranted; the appropriate place for Pyles to raise any issues regarding his ongoing criminal proceeding is in the Madison County Circuit Court.

## Disposition

For the foregoing reasons, the Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED** with prejudice. The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts because no reasonable jurist would disagree with this Court's procedural ruling. *Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003) (setting forth requirements for a certificate of appealability); *see also Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir.2009) (certificate of appealability is required for appeal from denial of habeas corpus petition brought under 28 U.S.C. § 2241 when the custody is the result of a state court order).

The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: February 6, 2020**

**s/ STACI M. YANDLE**
**United States District Judge**
